# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JOSHUA WARD, | ) | |
|     Plaintiff, | ) | Civil Action File No. |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SK BATTERY AMERICA, INC., | ) | |
|     Defendant. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Joshua Ward ("Plaintiff"), by and through undersigned counsel, and files this lawsuit against Defendants SK Battery, Inc. ("SK Battery") and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonably attorney's fees against Defendant for violations of his rights under the American with Disabilities Act of 1990, as amended, 42 U.S.C §12111 et seq. ("ADA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 42 U.S.C. § 2000(e)-5(f).

1

3.

The unlawful employment practice alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

4.

Plaintiff has fulfilled all conditions necessary to proceed with the cause of action under the ADA. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 14, 2023; the EEOC issued its Notice of Right to Sue on October 26, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

8.

Defendant is qualified and licensed to do business in Georgia, at all times material hereto, has conducted business with this District.

9.

Defendant employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with U.S.C. § 12111(5).

10.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, GA, 30046-4805.

## FACTUAL ALLEGATIONS

11.

Plaintiff is a person with a disability. Specifically, Plaintiff has kidney cancer. Plaintiff's disability substantially impacts major life activities, including but not limited to daily physical activities, including working.

12.

In and around September 1, 2022, Plaintiff began working for Defendant as a production supervisor.

13.

On or about December 27, 2022, Plaintiff took emergency medical leave. Shortly after Plaintiff went on emergency medical leave, he learned he had kidney cancer and that the cancer needed to be removed immediately. Plaintiff told Defendant that he would inform SK Battery America the date of surgery and that he would be out for six weeks.

14.

On or about January 5, 2023, Plaintiff informed Defendant of his surgery date, which was on or about January 11, 2023. During this time, the factory was closed but employees were permitted to clock-in to clean the factory. After the cleaning for the day was completed, Plaintiff and his subordinates sat and waited for the shift to be over. Plant manager Jay Thurmond became extremely irate when he came in an observed the employees.

15.

On or about January 9, 2023, Plaintiff was terminated for performance reasons by Jay Thurmond with a Human Resources employee present. During the meeting, Plaintiff stated he felt he was being fired because he was taking leave to have surgery for cancer. The Human Resources employee responded, stating that,

Korean companies don't have the same values as American companies, and quite frankly, if you can't be here, they don't want you.

16.

Any reason given for Plaintiff's termination is pretext for unlawful discrimination and retaliation, in violation of the ADA. As a result of Defendant's unlawful actions, Plaintiff has suffered damages, including lost wages and emotional distress.

**COUNT I & II – ADA DISCRIMINATION AND RETALIATION**

17.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

18.

Plaintiff suffers from a disability, which substantially limits one or more major life activities.

19.

Plaintiff's cancer constitutes a "disability" within the meaning of the ADA, as amended.

20.

Defendant was aware of Plaintiff's disability.

21.

Defendant regarded Plaintiff as having a disability such that he is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

22.

Plaintiff has a record of having a disability and/or perceived disability such that he is a person with a disability within the meaning of the ADA, as amended.

23.

All the times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

24.

Defendant terminated Plaintiff's employment because of his disability, perceived disability, or record of having a disability.

25.

Defendant terminated Plaintiff's employment because he engaged in protected activity under the ADA by requesting a reasonable accommodation for his disability.

26.

Defendant retaliated against Plaintiff by terminating his employment for engaging in protected activity under the ADA.

27.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

28.

As a result of Defendant's unlawful actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

29.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, punitive damages, equitable relief, attorney's fees, costs of litigation and all other relief recoverable under the ADA.

30.

Defendant discriminated and retaliated against the Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment

opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff. Plaintiff is therefore entitled to Punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Special damages for lost wages and benefits and prejudgment interest thereon.

(C) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(D) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

(E) Compensatory and punitive damages on Plaintiff's ADA claims;

(F) Reasonable attorney's fees and expenses of litigation;

(G) Prejudgment interest at the rate allowed by law;

(H) All other relief to which Plaintiff may be entitled.

This 17th day of November 2023.

Respectfully submitted,

**BARRETT & FARAHANY**
*s/ V. Severin Roberts*

                                V. Severin
                                Roberts Georgia
                                Bar No. 940504

                                Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
severin@justiceatwork.com

9