# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JOSHUA WARD,
   Plaintiff,

v.

SK BATTERY AMERICA, INC.,
   Defendant.

Civil Action No.
1:23-cv-05294-SDG

## OPINION AND ORDER

This matter is before the Court on the Non-Final Report and Recommendation (R&R) of United States Magistrate Judge Russell G. Vineyard [ECF 45], which recommends that Defendant SK Battery America, Inc.'s motion for summary judgment [ECF 32] be denied. SK Battery filed objections, and Ward filed a response to the objections [ECFs 47, 52[1]]. After careful consideration, SK Battery's objections are **OVERRULED**, and the R&R is **ADOPTED** in its entirety.

## I. Background

The factual and procedural background of this case are fully set out in the R&R, which undersigned will briefly summarize here.[2] SK Battery produces electric vehicle batteries at its manufacturing plant in Commerce, Georgia, and Ward worked for SK Battery as a night-shift production supervisor. In late 2022,

---

[1] Ward's consent motion for an extension of time to respond to SK Battery's objections [ECF 48] is **GRANTED nunc pro tunc**.

[2] ECF 45, at 2–15.

1

Ward was diagnosed with kidney cancer, and doctors informed Ward that he would need surgery as soon as possible and would then require six weeks off work for recovery. Ward told his supervisor at SK Battery, Jay Thurmond, about his medical situation and treatment requirements.

Ward's employment at SK Battery was terminated in early January 2023. The stated reasons for Ward's termination were two incidents in December 2022 and January 2023 where, according to Thurmond, Ward showed poor managerial judgment, and thus Thurmond did not trust Ward's ability to supervise employees. In the December 2022 incident, Thurmond arrived at work and observed that Ward had not taken attendance of his employees and had no knowledge of which machines were running. Thurmond had trained Ward to take attendance of his employees as the first task in every shift, and Ward told Thurmond that he had been unable to log in to his computer and therefore unable to take attendance. Thurmond instructed Ward to handle attendance later—in spite of his training—and focus on starting up the machines. Thurmond provided verbal "coaching" to Ward but no written reprimand or warning, though Thurmond stated that the coaching was for Ward's "unacceptable performance."

The January 2023 incident occurred during a period of time where SK Battery's production lines were not running, though employees were still required to report to work. During this time, Thurmond instructed Ward and another

production supervisor, Christopher Kubiak, to have their employees clean the plant's machinery. Thurmond also told Ward and Kubiak to watch over their employees and keep them in a particular area of the plant. After Ward's employees had finished cleaning the machines, but before their shift had ended, Ward allowed his employees to play cards. Some of Kubiak's employees also played cards. Thurmond was alerted that SK Battery employees were playing cards during their shift, and upon arrival at the plant he observed Ward's and Kubiak's employees playing cards.

Ward filed suit against SK Battery in November 2023, alleging that SK Battery had discriminated and retaliated against him in violation of the American with Disabilities Act.[3] In August 2024, SK Battery moved for summary judgment on Ward's claims. As to the ADA discrimination claim, Judge Vineyard concluded that there was a genuine dispute as to whether SK Battery's justification for terminating Ward—the December 2022 delayed start-up incident and in particular the January 2023 card-playing incident—was pretextual, and thus recommended that summary judgment be denied.[4] For similar reasons, Judge Vineyard concluded that there was a genuine dispute as to whether Ward was terminated because he requested time off for his surgery and recovery, and thus

---

[3]   ECF 1.

[4]   ECF 45, at 57.

3

recommended that summary judgment be denied as to Ward's ADA retaliation claim.[5]

## II. Applicable Legal Standard

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92

---

[5]   *Id.* at 63.

(11th Cir. 2009). Further, "'[f]rivolous, conclusive, or general objections need not be considered by the district court.'" *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

**III.   Discussion**

SK Battery objects to three conclusions in the R&R: "(1) Ward has shown evidence of pretext sufficient to rebut SK's legitimate, non-discriminatory reasons for his termination; (2) Ward has proven a prima facie case of discrimination in that he has suffered an adverse employment action because of a disability; and (3) Ward has established a prima facie case of retaliation."[6] SK Battery's three objections are premised almost entirely on the R&R's comparison between SK Battery's treatment of Ward, who was terminated, and his fellow supervisor Kubiak, who was not.[7] Because this comparator analysis was part of the R&R's conclusion that there exist genuine disputes as to whether SK Battery's stated reason for Ward's termination was pretextual—a conclusion which underpins the R&R's ultimate recommendation to deny summary judgment—SK Battery contends that the purported error in the comparator analysis cascades through the entire R&R.[8] Thus, SK Battery's objections can be reformulated into one question:

---

[6]   ECF 47, at 1.

[7]   *See generally id.*

[8]   *See generally id.*

5

did the R&R err in concluding that Kubiak was a proper comparator, and thereby err in concluding that there is a genuine dispute as to whether Ward was terminated because of his disability and/or his request for time off? For the reasons that follow, undersigned concludes that the R&R did not err in its ultimate analysis, and therefore the objections are due to be denied.

In *Tynes v. Florida Department of Juvenile Justice*, 88 F.4th 939 (11th Cir. 2023), *cert. denied*, 145 S. Ct. 154 (2024), the Eleventh Circuit signaled a return to first principles in employment discrimination litigation. The court traced the history of the familiar *McDonnell Douglas* burden-shifting framework in Title VII cases,[9] explaining how modern practice had come to frequently elide the distinction between the **elements** of a discrimination claim and the ***prima facie case*** needed for a plaintiff to shift the burden of production on summary judgment, as set out in the Supreme Court's seminal opinion in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1993). *See Tynes*, 88 F.4th at 945–46. Correctly understood, *McDonnell Douglas* "is an evidentiary tool that functions as a procedural device, designed only to establish an order of proof and production . . . . not [ ] an independent standard of liability." *Id.* at 944 (cleaned up). The purpose of the burden-shifting is to

---

[9]  Though it often goes unsaid, "[t]he familiar burden-shifting analysis of Title VII employment discrimination actions is equally applicable to ADA claims." *Hilburn v. Murata Elecs. N. Am., Inc.*, 181 F.3d 1220, 1226 (11th Cir. 1999).

6

"help[ ] narrow things down and frame the factual issue by drawing out an explanation that the plaintiff can then seek to demonstrate is pretextual," a framework which "exerts a sort of practical coercion that forces the defendant to come forward with evidence explaining its actions." *Id.* at 945 (internal quotation marks and citations omitted). The question of pretext thus "merges with the plaintiff's ultimate burden of persuading the factfinder that she has been the victim of intentional discrimination." *Id.* at 944 (quoting *Lewis v. City of Union City*, 918 F.3d 1213, 1221 (11th Cir. 2019) (en banc)). And this ultimate question as to the defendant's intent is governed, like any question at summary judgment, by Rule 56. *See McCreight v. AuburnBank*, 117 F.4th 1322, 1333 (11th Cir. 2024) (quoting *Tynes*, 88 F.4th at 946) ("[A]ll Title VII claims . . . are ultimately decided according to the same Rule 56 summary judgment standard. And that standard asks whether the employee has offered enough 'circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent.'").

SK Battery argues that Kubiak is not an adequate comparator employee under *McDonnell Douglas* and its progeny, because (1) in Thurmond's opinion, Ward and Kubiak did not have a similar disciplinary history, or (2) Ward and Kubiak's involvement in the January 2023 card-playing incident was dissimilar.[10]

---

[10]   *See generally* ECF 47.

A comparator is another employee "who is similarly situated in all material respects," *id.* at 944 (quoting *Jenkins v. Nell*, 26 F.4th 1243, 1249 (11th Cir. 2022)), and comparator evidence satisfies the last part of the *McDonnell Douglas prima facie* case—that the plaintiff's "employer treated 'similarly situated' employees outside [plaintiff's] class more favorably," *id.* (citing *McDonnell Douglas*, 411 U.S. at 802; *Lewis*, 918 F.3d at 1220–21). As the court in *Tynes* noted, under the Eleventh Circuit's precedents the "similarly situated" requirement is "a high bar to meet." *Id.* at 947. But even assuming for the moment that SK Battery's comparator objections have merit, "the plaintiff's failure to produce a comparator does not necessarily doom the plaintiff's case," *id.* at 946 (quoting *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011)), because the *McDonnell Douglas* burden-shifting framework is "only one method by which the plaintiff can prove discrimination by circumstantial evidence," *id.* (quoting *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 768 n.3 (11th Cir. 2005)).

Alternatively, a plaintiff may survive summary judgment by presenting a "convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Id.* (quoting *Smith*, 644 F.3d at 1327–28). Again returning to first principles, this "convincing mosaic"[11] is simply

---

[11] In fairness, the R&R expressly declined to use the "convincing mosaic" framework as to Ward's ADA retaliation claim. ECF 45, at 63 n.29. While the majority in *McCreight* rejected the idea that "convincing mosaic" is a necessary

"a metaphor, not a legal test and not a framework." *McCreight*, 117 F.4th at 1335 (quoting *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1311 (11th Cir. 2023)). The dispositive question here is whether Ward has presented "enough evidence for a reasonable factfinder to infer intentional discrimination in an employment action—the ultimate inquiry in a discrimination lawsuit." *Tynes*, 88 F.4th at 947–48 (quoting *Jenkins*, 26 F.4th at 1250).

The R&R answers this question in the affirmative, noting among other things the comparative evidence regarding Ward and Kubiak, as well as factual disputes regarding Ward's disciplinary history and inconsistencies and weaknesses in SK Battery's stated reasoning for Ward's termination.[12] By objecting only to the R&R's comparator analysis, SK Battery has failed to hit on a dispositive issue. As the court stated in *Tynes*, "it is possible that [plaintiff's] comparators were insufficient to establish a prima facie case yet still relevant to the ultimate question of intentional discrimination," and thus "to the extent that there are material

---

    watchword, there is some debate in the Eleventh Circuit on this point. *See McCreight*, 117 F.4th at 1345 (Hull, J., concurring in part and dissenting in part). But the majority in *McCreight* held that "[t]he convincing mosaic approach is—in its entirety—the summary judgment standard." *Id.* at 1335 (citing *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1311 (11th Cir. 2023); *Poer v. Jefferson Cnty. Comm'n*, 100 F.4th 1325, 1337 (11th Cir. 2024); *Ossmann v. Meredith Corp.*, 82 F.4th 1007, 1020 (11th Cir. 2023)). Accordingly, undersigned concludes that the R&R did not err, as it correctly applied the summary judgment standard.

[12]    *See* ECF 45, at 37–57.

differences between [plaintiff] and her comparators at this stage of the case, it is the jury's role—not ours—to determine how much weight the comparator evidence should be given." *Id.* at 947. In *Tynes*, the court went so far as to hold that, where the defendant had only argued that the plaintiff's comparator was inadequate, it forfeited any other challenge to the jury's ultimate finding of discrimination. *Id.*[13] Undersigned has discerned no error in the remainder of the R&R's analysis as to the sufficiency of Ward's circumstantial evidence that would allow a jury to infer that SK Battery terminated Ward because of his disability and/or in retaliation for Ward's request for time off.

Turning to the remainder of SK Battery's objections, undersigned reiterates that the question of pretext "merges with the plaintiff's ultimate burden of persuading the factfinder that she has been the victim of intentional discrimination," *Tynes*, 88 F.4th at 944 (quoting *Lewis*, 918 F.3d at 1221), and so the R&R did not err in reasoning that the causation element of Ward's ADA retaliation claim is "intertwined with the issues of pretext."

---

[13] *Tynes* was an appeal from the district court's denial of the defendant's post-trial motion for judgment as a matter of law, on the ground that the plaintiff had not presented an adequate comparator. 88 F.4th at 943. But the legal question presented is identical: whether the plaintiff has presented "enough evidence for a reasonable factfinder to infer intentional discrimination in an employment action." *Id.* at 946.

Lastly, the Eleventh Circuit's decision in *Graves v. Brandstar, Inc.*, 67 F.4th 1117 (11th Cir. 2023), relied upon by SK Battery, is not inconsistent with the R&R's recommendation to deny summary judgment as to Ward's ADA retaliation claim. As the court in *Graves* noted, "temporal proximity alone is insufficient," but "close temporal proximity between the protected conduct and the adverse employment action can establish pretext when coupled with other evidence." *Id.* at 1124 (quoting *Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1138 n.15 (11th Cir. 2020) (en banc)). The R&R relied upon its conclusions as to the evidentiary sufficiency of Ward's ADA discrimination claim, as well as the close temporal proximity between Ward's request for time off and his subsequent termination.[14] Thus, temporal proximity is not the only basis for the R&R's conclusion, so *Graves* not only does not require a different outcome but in actuality supports it.

## IV. Conclusion

SK Battery's objections to the R&R [ECF 47] are **OVERRULED**, and undersigned **ADOPTS** the R&R [ECF 45] as the Order of this Court. SK Battery's motion for summary judgment [ECF 32] is **DENIED**. Ward's consent motion for an extension of time to respond to SK Battery's objections [ECF 48] is **GRANTED nunc pro tunc**.

---

[14] *See* ECF 45, at 57–63.

11

The parties are **DIRECTED** to submit a proposed consolidated pretrial order within 30 days of the entry of this Order. The parties are further **ADVISED** to file any necessary Leave of Absence notice on the docket within 30 days of the entry of this Order, as a pretrial conference and trial will be scheduled thereafter without further notice. Finally, it appears that SK Battery has not filed its Certificate of Interested Persons and Corporate Disclosure statement as required by Local Rule 3.3, NDGa. SK Battery is **ORDERED** to do so within 7 days of entry of this Order.

The Clerk of Court is **INSTRUCTED** to submit this Order to undersigned after 30 days.

**SO ORDERED** this 25th day of March, 2025.

_____
Steven D. Grimberg
United States District Judge